UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY M. AKAVEKA,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>    Defendant. | No. CV 17-4184 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

      Plaintiff filed this action on June 5, 2017. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 12, 13.) On February 26, 2018, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

      Having reviewed the entire file, the court reverses and remands the decision of the Commissioner for the period beginning September 2015.

# I.

# **PROCEDURAL BACKGROUND**

In February 2014, Plaintiff filed applications for disability insurance benefits and supplemental security income benefits. Both applications alleged an onset date of October 1, 2013. Administrative Record ("AR") 23. The applications were denied. AR 23, 68-69. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On November 4, 2015, the ALJ conducted a hearing at which Plaintiff and a vocational expert ("VE") testified. AR 40-67. On November 18, 2015, the ALJ issued a decision denying benefits. AR 20-35. On April 7, 2017, the Appeals Council denied review. AR 1-6. This action followed.

# II.

# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.
# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements through March 31, 2015. AR 25. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Plaintiff had the severe impairments of status post cervical discectomy and fusion in 2009; lumbar radiculopathy; diabetes mellitus; hypertension; obesity; and mild bilateral hip osteoarthritis. AR 25.

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work except that he was limited to occasional climbing (but no climbing of ladders, ropes or scaffolds), stooping, kneeling, crouching and crawling. He required an assistive device for balancing and long distance ambulation. AR 28. Plaintiff could not perform any past relevant work but there were jobs that existed in significant numbers in the national economy that he could perform such as assembler of small products; electronics worker and office helper. AR 33-34.

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

**C. Treating Physician**

Plaintiff argues that the ALJ failed to consider properly the opinion of Dr. Buckhalter, a treating physician.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). To reject an uncontradicted opinion of a treating physician, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn*, 495 F.3d at 632 (citations and quotation marks omitted).

An examining physician's opinion constitutes substantial evidence when, as here, it is based on independent clinical findings. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

The ALJ rejected the opinion of Dr. Buckhalter for three reasons: (1) the opinion was not supported by the medical evidence of record; (2) the opinion was inconsistent with his conservative treatment; and (3) the opinion was contradicted by Dr. Sedgh, an examining physician. AR 30.

Dr. Sedgh examined Plaintiff on April 22, 2014. AR 426-31. Digital radiographs showed mild degenerative disc disease of the lumbar spine. AR 432. Plaintiff reporting taking Aleve. AR 427. Range of motion of the cervical spine was within normal limits with no evidence of muscle spasm or tenderness. AR 428. Range of motion of the lumbar spine was 60/90 in forward flexion, 15/30 in extension and 20/30 in lateral flexion with no evidence of muscle spasm or tenderness. Straight leg raise was positive

on the left side. AR 429. Motor strength was 5/5 in all extremities with good tone and good active motion. Plaintiff's gait was slow and slightly antalgic. AR 430. Dr. Sedgh opined that Plaintiff could perform light work; sit, stand and walk for up to six hours in an eight-hour workday; and occasionally kneel, crouch and stoop. AR 431.

In June 2014, Plaintiff was diagnosed with diabetes, paresthesia and constipation. AR 451.

Plaintiff began seeing Dr. Buckhalter in September 2014. AR 464. On September 23, 2014, chest radiographs indicated mild to moderate degenerative changes in the thoracic spine manifested by anterior spurring with ankylosing hyperostosis. AR 476. A pelvic radiograph indicated mild osteoarthritis in both hip joints, right greater than left, with dystrophic calcification; and mild degenerative spondylosis in the lower lumbar spine.[2] AR 475. On October 20, 2014, there were minimal calcified plaques and no evidence of hemodynamically significant stenosis in the lower extremities. AR 474. On November 13, 2014, Dr. Buckhalter noted that Plaintiff walks with a cane and had run out of medications. Plaintiff was advised to lose weight and stop smoking or his health will deteriorate. AR 463.

On August 26, 2015, Dr. Buckhalter's progress notes indicate that he had not seen Plaintiff since the visit in November 2014. Plaintiff complained of occasional, intermittent vague discomfort/pain/numbness of the upper and lower extremities with no recent trauma. He reportedly stopped smoking. Dr. Buckhalter diagnosed diabetes mellitus, hypertension, degenerative joint disease and obesity. AR 509.

---

[2] An MRI in June 2010 indicated marked spinal stenosis at the L3-L4 level with associated bilateral neural foraminal stenosis, and moderate spinal stenosis at the L4-L5 level. There was no evidence of disc protrusion, disc herniation, spinal stenosis or neural foraminal stenosis at the L5-S1 level. AR 479.

On September 28, 2015,[3] Dr. Buckhalter completed a physical residual functional capacity questionnaire. AR 491-93. Dr. Buckhalter diagnosed diabetes, hypertension and degenerative arthritis. Plaintiff had occasional pain, decreased range of motion and numbness in the neck, back, arms and legs with occasional fatigue. AR 493. Dr. Buckhalter opined that Plaintiff could sit up to two hours and stand up to 15 minutes before having to get up. He could sit for about two hours and stand for less than two hours in an eight-hour workday. AR 493. He required a sit/stand option and needed to walk around every 30 minutes. AR 491. He could occasionally lift less than 10 pounds and could never lift 20 pounds. He could never look down or turn his head right or left, and could rarely look up or hold his head in a static position. He could never twist, stoop, crouch, climb ladders or climb stairs. AR 491. He was limited to reaching 10% of an eight-hour workday, fine manipulation with his fingers 20% of an eight-hour workday, and grasping, turning or twising objects 20% of an eight-hour workday. He would likely be absent more than four days per month. AR 492.

On October 1, 2015, Plaintiff had an abnormal EMG showing evidence of an L5 nerve root compression at the paravertebral L5-S1 nerve root consistent with lumbar stenosis and/or discogenic disease. There is also severe damage to the left calf, indicating a laceration or direct blow to the posterior tibial nerve of the left leg, with advanced denervation and severe motor dysfunction. AR 496.

The ALJ's rejection of Dr. Buckhalter's opinion regarding the reaching, fine manipulation, hand, neck and attendance limitations is supported by substantial evidence. Dr. Buckhalter's medical records do not support these limitations at any time. Nor did Plaintiff testify to such limitations at the hearing.

The ALJ's rejection of the remainder of Dr. Buckhalter's September 28, 2015 opinion is not supported by substantial evidence during the period beginning September

---

[3] Counsel's cover letter dated October 21, 2015 indicates the date of the opinion is July 28, 2015. AR 490.

2015. The ALJ's reason based on the absence of supporting medical records is no longer supported by substantial evidence. The ALJ acknowledged the abnormal EMG on October 1, 2015. In his decision dated November 18, 2015, the ALJ concluded that "the record does not contain clinical confirmation that this finding had precluded or is expected to preclude the claimant from performing light exertional activities for a period of twelve continuous months." AR 29. However, Plaintiff testified at the November 2015 hearing that he was scheduled to see Dr. Buckhalter next month, December 2015, to discuss the results and future treatment. AR 52. Thus, the record does not support the ALJ's finding that Dr. Buckhalter treated Plaintiff conservatively in response to the objective medical tests on October 1, 2015.

Plaintiff's medical condition in September 2015 appears to have materially deteriorated as compared to his objective medical records prior to that date and the examination by Dr. Sedgh in April 2014. (*See* MRI dated June 2010 (AR 479); radiographs dated September and October 2014 (AR 474-76); Dr. Segh's examination (AR 426-31).) Dr. Sedgh's examination in April 2014 does not constitute substantial evidence to reject Dr. Buckhalter's opinion in September 2015 based on the abrupt deterioration in Plaintiff's condition as shown by objective medical testing.

The court finds that remand is appropriate so that the ALJ can reconsider Dr. Buckhalter's opinions and develop the record if appropriate. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("'[W]here the circumstances of the case show a substantial likelihood of prejudice, remand is appropriate so that the agency can decide whether re-consideration is necessary. By contrast, whe[n] harmlessness is clear and not a borderline question, remand for reconsideration is not appropriate.'") (citation omitted).

**D.     Credibility**

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035-36 (9th Cir. 2007). At step one, "the ALJ must determine

whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. AR 32.

Second, when an ALJ concludes that a claimant is not malingering and has satisfied the first step, "the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation omitted); *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter*, 806 F.3d at 493 (citation omitted). "'General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.'" *Id.* (citation omitted).

The ALJ determined that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible. AR 32. The ALJ relied primarily on three reasons: (1) objective medical evidence did not support the alleged degree of disability; (2) conservative treatment after the alleged onset date; and (3) inconsistent statements. AR 32-33.

The ALJ's reasons are supported by substantial evidence for the period before September 2015. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). As discussed above, the objective medical evidence does not support the degree of Plaintiff's claimed functional limitations prior to September 2015. Moreover, Plaintiff's care was conservative prior to September 2015. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir.

2007) ("evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment"; finding over-the-counter pain medication to be conservative treatment). The ALJ also identified inconsistent statements. AR 32.

However, for the period beginning September 2015, the ALJ's reasons are not supported by substantial evidence in the record as discussed above.

IV.

ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for further proceedings at step five of the sequential analysis for the period beginning September 2015.

DATED: April 30, 2018

ALICIA G. ROSENBERG
United States Magistrate Judge

9